## KILGORE v. SKINNER.*

(Circuit Court of Appeals, Fifth Circuit. December 14, 1920.)

### No. 3497.

Sales ⬅➡391(7)—Contract for sale of cattle required refund for cattle paid for not delivered.

A contract for the sale of cattle, which were cut out and paid for by the buyer in the fall, required the seller to keep and care for the cattle on terms stipulated until spring, and deliver them, or the hides of any not delivered alive, f. o. b. cars at the railroad by April 25th "or pay for said cattle at the purchase price." *Held*, that the sale was not completed by final delivery until the cattle were delivered f. o. b. the cars, and that the provision requiring seller to pay for those not accounted for was not for a penalty, but merely a requirement that he refund the purchase price paid for them, and valid and enforceable.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 254 U. S. —, 41 Sup. Ct. 376, 65 L. Ed. —.

In Error to the District Court of the United States for the Amarillo Division of the Northern District of Texas; James C. Wilson, Judge.

Action at law by H. W. Skinner against C. L. Kilgore. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Kimbrough and M. J. R. Jackson, both of Amarillo, Tex.. for plaintiff in error.

John W. Veale, of Amarillo, Tex., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This case arose out of an alleged breach of a contract between C. L. Kilgore and H. W. Skinner, by which, in consideration of $10,000 paid and the further payments to be made and the agreements therein, Kilgore (first party)—

"hereby bargains and agrees to sell and deliver to said second party [Skinner] f. o. b. cars at Channing, Tex., on or before the 25th day of April, 1919, next, or as soon as cars can be obtained the following described cattle now grazing in the county of Moore, each free from disease, malformation, or blemish of any and every kind, to wit:

"First party agrees to dehorn said cattle, if desired by second party. First party agrees to deliver said cattle, or the hides of all cattle not delivered alive, or pay for said cattle at purchase price, on or before the 25th day of April, 1919. Said first party agrees to haul the cotton seed cake from Channing, Tex., to feed said cattle for not to exceed $4 per ton, and is to furnish storage for cake, and agrees to feed said cake to cattle according to directions of the second party. First party is to furnish all necessary horses in handling of said cattle. Second party agrees to pay two men's wages from time they commence to cake the cattle on the grass. Wages not to exceed average wages paid for said help. First party is to furnish two pastures, of 38 sections, where cattle are now grazing, and a 7-section pasture adjoining on southwest, for grazing of said cattle from now until April 25, 1919, at 50 cents per month. No other stock is to be allowed to pasture in said pasture. Second party agrees to take his cut on or before the 15th day of November, 1918. In the event second party wishes to ship cattle on or before November 10, 1918, first party agrees to load them f. o. b. cars this fall; this canceling any pasture bill on cattle. But if not shipped on or before November 10, 1918, or as soon as cars can be obtained thereafter, pasture bill is to commence on said cattle at 50 cents per month November 1, 1918. Cattle branded 'O' on right side.

"And the said second party, in consideration thereof, agrees to pay to the said first party the sum of $60 per head for the said 2,200 head, reserving the right to cut out and reject 10 per cent. of above-described cattle and all the black cattle, subject to the deduction of the aforesaid payment of $10,000 herein acknowledged, which is part payment of said purchase price for the cattle, immediately upon the completion of the delivery and acceptance of said cattle at the place herein designated. The balance of said purchase price to be paid on or before November 15, 1918."

Skinner selected 1,917 cattle and paid for them at $60 per head, as provided in the contract. A very severe winter ensued, and not exceeding 1,376 head of cattle were delivered at Channing. No hides of the missing cattle were tendered. Skinner sued Kilgore for a breach of said contract, alleging: (a) A failure to deliver 545 head of said cattle, or the hides thereof, which renders the defendant liable for the price paid for such cattle of $60 per head, an aggregate of $32,700. (b) A failure to properly care for and feed the cattle delivered, to their damage $10 per head, or $13,720. (c) A conversion by Kilgore

to his own use of hay and other feed, the property of plaintiff, of the value of $1,000. Wherefore he sues for $47,420 damages.

The defendant's answer denied liability and pleaded a set-off. It attacked so much of said contract as specified that defendant should pay for all cattle not delivered at Channing, unless the hides were delivered, as a provision for a penalty. He denied all charges of negligence, and alleged that the cattle died by reason of the very cold weather, and also from the failure of the plaintiff to provide roughness for the cattle. He also pleaded a set-off, for the value of 57 head of other cattle alleged to have been converted, worth $3,420; for feed alleged to have been furnished by him, amounting to $482.56; for pasturage at the rate of 50 cents per head per month from November 1, 1918, to April 25, 1919, or $6,000; and for the hire of two hands paid by defendant, amounting to $200; which hire plaintiff was obligated to pay by said contract.

The court construed the contract as not binding the defendant to pay for cattle not delivered at Channing, except where they were lost by his negligence, but held that he was only liable for the value of the hides of those not so lost. The case was submitted to the jury on the issues: (1) Of the alleged set-off of defendant. (2) Of the alleged failure of the defendant to properly feed said cattle and to care for them. (3) Upon the number of the cattle actually lost by the negligence, if any, of the defendant. (4) Upon the value of such hides as were not delivered. This item called for the finding of the number of such hides at the agreed price of $3.50 per hide. The jury found a verdict for the plaintiff of $21,001.04.

The court directed the jury to find a verdict on the plea of set-off, and also a verdict on the plaintiff's claim. The jury found a single verdict, but it was received without objection made at the time, or any request for a resubmission to the jury for any correction, or any other motion.

The case is here on a number of exceptions to the charge of the court, and on alleged error in the failure of the jury to find a separate verdict on the plea of set-off.

As we read this contract, the sale of these cattle was not completed by final delivery until they were delivered f. o. b. cars at Channing. Until that time they remained in the custody and charge of Kilgore. He had been paid $60 per head, and was to deliver the number so paid for at Channing, and the hides of any which died before delivery, or was to refund the price of those not so accounted for. If the cattle were not so delivered, plaintiff had paid $60 per head for each one missing. If the defendant is held to refund the $60 received by him for each head not so delivered, the result is to enforce a provision by the contract of purchase determining on whom the loss of the actual price paid shall fall, where the final delivery contemplated does not take place. This is in no sense a penalty.

There is no legal reason why the cattle should not, by the contract of sale, be at Kilgore's risk of loss pending the final delivery at Channing, nor why he should not bind himself to refund the price received for those which died or were lost while in his hands, if he did not

finally deliver them. There was no reason why the production of the hides of those which were not delivered should not be made the necessary evidence of their death, or loss, under circumstances which would relieve him from the necessity of delivery alive, or of refunding the price he had received for these not so delivered in advance of this delivery. Teal v. Bilby, 123 U. S. 572, 580, 8 Sup. Ct. 239, 31 L. Ed. 263.

Taking the claim that he had delivered 1,376 head of cattle, and had failed to deliver or produce the hides of 541, this would entitle the plaintiff to have Kilgore repay to him $32,460. If the entire claim of set-off was allowed, to wit, $10,102.56, it would leave a balance due to the plaintiff of $22,357.44, which is more than the verdict of the jury.

Therefore, if there was any error in the charge of the court, or irregularity in form of the verdict, it did not injure the plaintiff in error, and the judgment of the District Court is affirmed.